**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| MARVELL ANTHONY NEELY, | ) | **CASE NO.  1:23 CV 00311** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| MRI SOFTWARE, LLC | ) | |
| dba TRUSTED EMPLOYEES, et al., | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |


This matter is now before the Court on *Defendant Vita Property Management Group,
LLC's Motion to Dismiss for Lack of Personal Jurisdiction* (ECF #13), filed on April 14, 2023.
Plaintiff Marvell Anthony Neely filed an opposition to the motion, along with a request for
transfer of the case under 28 U.S.C. § 1406(a), on May 12, 2023, in a document titled
*Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant Vita
Property Management Group, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and
Request to Transfer Venue Pursuant to 28 U.S.C. § 1406(a)* (ECF #22).  Vita Property
Management Group, LLC ("Vita Property Management") filed a reply on May 26, 2023 (ECF
#23).

This matter is also before the Court on *Defendant Trusted Employees' Partial Motion to
Dismiss Plaintiff's Complaint* (ECF #17), filed on April 24, 2023.  In the *Complaint*, Defendant

Trusted Employees is named as "MRI Software, LLC dba Trusted Employees."  (ECF #1).  It now appears that Trusted Employees is not a "dba" ("doing business as") of "MCI Software, LLC" but rather a "dba" of an entity called Albin Acquisition Corporation.  (*See* ECF #13-2, *Service Agreement* attached as an exhibit to Defendant Vita Property Management's motion to dismiss, PageID #76).  There is no question that Trusted Employees is the entity Plaintiff seeks to include as a defendant in the case; nor is there any question that an employee background screening report prepared by Trusted Employees is the central focus of all of Plaintiff's claims.  Accordingly, unless otherwise included in a quotation or other borrowed reference, the first-named defendant in this matter will be referred to as "Trusted Employees" throughout this memorandum of opinion and order.

Trusted Employees' motion for partial dismissal was accompanied by *Defendant Trusted Employees' Motion to Take Judicial Notice* (ECF #18), in which it asks the Court to take judicial notice of facts related to its partial motion to dismiss.

Plaintiff did not file a response to either Trusted Employees' partial motion to dismiss or its accompanying motion regarding judicial notice.

For the reasons stated below, *Defendant Vita Property Management Group, LLC's Motion to Dismiss for Lack of Personal Jurisdiction* (ECF #13) is DENIED as moot, and *Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. § 1406(a)* (ECF #22), is GRANTED.  The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of Missouri, Eastern Division.

Because the Court finds that the interests of justice favor transfer of the case pursuant to 28 U.S.C. § 1406(a), and the Court further finds that Defendant Trusted Employees' partial

motion to dismiss (ECF #17), and its accompanying motion requesting "judicial notice," (ECF #18), each raise factual issues necessarily intertwined with a claim of the *Complaint* on which Defendant Trusted Employees does not move to dismiss, for the reasons stated later in this memorandum of opinion and order, the Court finds that the interests of justice also favor withholding a ruling on both of Trusted Employees' motions, so that they may be adjudicated by the transferee court, which will have jurisdiction over all parties in the case, and can adjudicate the matter as a whole.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 17, 2023, Plaintiff Marvell Anthony Neely filed a complaint in this Court, naming as defendants "MRI Software, LLC, d/b/a Trusted Employees," "Vita Property Management Group LLC," and "Does, 1-10 inclusive," asserting five causes of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, related to his application for employment with Defendant Vita Property Management at a residential community located in O'Fallon, Missouri.  (*Complaint*, ECF #1, PageID #2, ¶ 3).

Mr. Neely states that in February 2021 he was "conditionally hired" by Vita Property Management, pending Vita Property Management's procurement of an employment background screening report to be prepared by "Defendant MRI Software, LLC dba Trusted Employees." (ECF #1, PageID #2, ¶¶ 3-5).  Mr. Neely states that "MRI"/Trusted Employees soon thereafter furnished an employment background screening  report to Vita Property Management showing "a non-conviction record that antedates the report by more than seven years," as well as showing two recorded dismissals of criminal actions which he claims should have been reported as only one criminal action, in effect, representing the dismissed case(s) "in a manner that misleads a

prospective employer into believing that the two were separate crimes." (ECF #1, Page ID #2, ¶¶ 6-11).

### *Plaintiff's Claims Against "MRI"/Trusted Employees*

The substance of Mr. Neely's claims against "MRI"/Trusted Employees in connection with the "non-conviction record" are his assertions that because an April 2016 conviction in a Missouri state court for misdemeanor fraudulent use of a credit/debit service was concluded with a "Suspended Imposition of Sentence," it was not a "conviction" under Missouri law, and, because the charge in the case was filed in 2013, it also "antedated the report by more than seven years." (ECF #1, PageID #2, ¶ 8). On the basis of these assertions, he alleges a violation of the FCRA under 15 U.S.C. § 1681c (a)(5), which provides: "Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information[,] . . . [a]ny other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years." (ECF #1, *Third Cause of Action*, PageID #6, ¶¶ 41-46).

The reporting by MRI of the 2013 charge of fraudulent use of a credit/debit service, and the 2016 disposition of the charge, also forms a portion of Plaintiff Neely's claim of a FCRA violation under 15 U.S.C. § 1681k (a)(2), which provides: "A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall . . . maintain strict procedures designed to insure that whenever public information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to

date." (ECF #1, *Second Cause of Action*, PageID #5, ¶¶ 35-37).

The substance of Plaintiff's claims against "MRI"/Trusted Employees in connection with its alleged "double reporting" of what Mr. Neely contends were charges alleging a "single crime" relate to Trusted Employees' report entries identifying a May 14, 2015 concurrent dismissal of Tennessee state court charges for "(1) Unlawful Use of Drug Paraphernalia and (2) Possession or Casual Exchange," (ECF #1, PageID #2, ¶ 11), which appeared on the employment background screening report as separate entries with consecutive case numbers, (*See* ECF #17-1, *Defendant Trusted Employees' Memorandum in Support of Partial Motion to Dismiss Plaintiff's Complaint*, PageID #100) (showing the "Unlawful Use of Drug Paraphernalia" charge as Docket: GS723403, and the "Possession or Casual Exchange" charge as Docket: GS 723404). These report entries form the basis for the remainder of Mr. Neely's "Second Cause of Action" claim alleging FCRA violations under 15 U.S.C. § 1681k (a)(2), as well as an alleged FCRA violation under 15 U.S.C. § 1681e (b), which provides" "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" (*See* ECF #1, *Second Cause of Action*, PageID #6, ¶¶ 38-40; ECF #1, *First Cause of Action*, PageID #5, ¶¶ 30-34).

### ***Plaintiff's Claims Against Vita Property Management***

Plaintiff's claims against Defendant Vita Property Management relate to Vita Property Management's alleged failure to present Mr. Neely with notice of the employment background screening report's information before rescinding his "conditional employment" with Vita Property Management. Specifically, Plaintiff alleges FCRA violations under 15 U.S.C. § 1681b (b)(3)(a)(i) & (ii), which collectively provide: "Except as provided in subparagraph (B), in using

a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates – (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter . . . ." (ECF #1, *Fourth Cause of Action*, PageID #6-7, ¶¶ 47-51 & *Fifth Cause of Action*, PageID #7, ¶¶ 52-56).

### *The Jurisdictional and Venue Assertions of Plaintiff's Complaint*

With respect to Plaintiff's identification of himself and Defendants "MRI"/Trusted Employees and Vita Property Management, his complaint asserted the following:

### THE PARTIES

21.  Plaintiff is an individual and resident of St. Louis, Missouri.

22.  MRI is an investigative consumer reporting agency within the meaning of the Fair Credit Reporting Act ("FCRA" 15 U.S. Code § 1681 *et seq*.)  15 U.S. Code § 1681a (f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code § 1681a (e).

23.  MRI's global headquarters are in Cleveland, Ohio.  It is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, National Registered Agents, Inc.

24.  Defendant Vita Property Management Group LLC, is at all times herein mentioned, a Delaware corporation registered to do business with the Tennessee Secretary of State.  Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Steve Sisson.

(ECF #1, *Complaint*. PageID #3-4, ¶¶ 21-24).

It appears that Plaintiff's identification of "MRI" as a defendant was based on the Trusted Employees logo appearing on the cover page of the Service Agreement between Trusted Employees and Vita Property Management to provide employment background screening services, which shows "TRUSTED Employees, an MRI Software Company" in the upper left

-6-

corner. (*See* ECF 13-2, attachment to *Defendant Vita Property Management Group, LLC's Motion to Dismiss for Lack of Personal Jurisdiction*, PageID #72). This logo, however, is also accompanied by an Edina, Minnesota address.[1]

### *Vita Property Management's Motion to Dismiss*

On April 14, 2023, Defendant Vita Property Management filed a motion to dismiss for lack of personal jurisdiction, stating that "it does not maintain the contacts necessary with this forum to establish personal jurisdiction." (ECF #13). The motion is accompanied by the affidavit of Vita Property Management's President and Chief Executive Officer, Steve Sisson, noting that Vita Property Management is "a Delaware limited liability company registered to do business with the Tennessee Secretary of State," that it "owns and manages a total of six residential communities[,] one each in the states of Kentucky, Illinois[,] and Missouri[,] and three in the state of Tennessee," that it "does not own, manage[,] or have any interest in any real property in the state of Ohio," that it "has never been registered to do business in Ohio," that it "does not maintain an office or place of business in Ohio[, nor] does it hold business meetings or otherwise operate any of its business in Ohio[,] nor does it solicit business in Ohio," and that it does not "control or operate any business in Ohio," "have any owners or investors who reside in Ohio," "employed employees or independent contractors in Ohio," or "directly market[ed] to Ohio businesses or individuals." (ECF #13-1, *Affidavit of Steve Sisson*, PageID #69-70, ¶¶ 3-13).

Vita Property Management's motion sets forth the expected arguments of a personal jurisdiction challenge, including those related to the reach of Ohio's "long-arm statute," OHIO

---

[1]

The later "Terms and Conditions" section of the Service Agreement, appearing on page 5, further reference "Albin Acquisition Corporation, DBA Trusted Employees" in the Preamble.

REV. CODE § 2307.382 (ECF #13, PageID #59-61), federal due process (ECF #13, PageID #62), exercise of general jurisdiction (ECF #13, PageID #62-63), exercise of specific jurisdiction (ECF #13, PageID #63-64), purposeful availment (ECF #13, PageID #64-65), significant contacts (ECF #13, PageID #65-66), and/or acts creating a "substantial relationship" with Ohio (ECF #13, PageID #66-67), each of which arise out of the familiar case of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

In his response, Plaintiff effectively concedes a likely lack of personal jurisdiction in the Northern District of Ohio over Vita Property Management, and instead requests the Court to transfer the case under 28 U.S.C. § 1406(a) to either a district court in Missouri or a district court in Minnesota, (ECF #22, *Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant Vita Property Management Group, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Request to Transfer Venue Pursuant to 28 U.S.C. § 1406(a)*), pursuant to the authority of *Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) (authorizing district courts under section 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum).

Plaintiff identifies a potential transferee court in Missouri based on the significant Missouri connection to the facts of the case, which involve a Missouri-resident Plaintiff and Vita Property Management's alleged "failure" to hire him for employment at a residential community located in Missouri, owned and operated by Defendant Vita Property Management (and therefore "doing business" in Missouri related to the facts of the case), based on information provided by Defendant Trusted Employees to its client Vita Property Management (from which Trusted Employees apparently "solicited business" in connection with the Missouri-based properties

owned and operated by Vita Property Management).

Plaintiff identifies a potential transferee court in Minnesota based on a forum selection clause contained in the Service Agreement between Trusted Employees and Vita Property Management, attached to Vita Property Management's motion to dismiss, which states, "Minnesota law and federal law will govern this Agreement.  The parties agree that any legal disputes will be handled in the appropriate state court in Minnesota or the appropriate federal court in Minnesota.  Both parties agree that personal jurisdiction exists in Minnesota."  (ECF #13, *Motion*, PageID #58 & ECF #13-2, *Service Agreement*, PageID #80, ¶ 10-I).

Defendant Vita Property Management's reply in support of its motion to dismiss and in opposition to Plaintiff's motion to transfer acknowledges the Court's authority to transfer a case under 28 U.S.C. § 1406(a) to a district court of proper venue rather than dismissing it on grounds of lack of personal jurisdiction or improper venue.  (ECF #23, *Defendant Vita Property Management Group, LLC's Reply Brief*, PageID #165) ("The decision of whether to dismiss or transfer a matter for improper venue is within the district court's sound discretion. . . .  Plaintiff argues rather extensively that this Court has the authority to transfer the case to a proper venue. Defendant does not dispute that authority.").  However, Vita Property Management asks this Court to instead dismiss the complaint because "Plaintiff [allegedly] knew [the Northern District of Ohio] was an improper venue," and that "Plaintiff's commencement of this action before this Court [was] not a simple mistake."  (ECF #23, PageID # 165-166).

Vita Property Management's reply raises no challenge to venue arising in a Missouri district court; but its reply does assert the impropriety of transferring the case to a Minnesota district court based on the fact that Plaintiff is not a party to the Service Agreement containing

the Minnesota forum selection clause agreed to between Vita Property Management and Trusted Employees.  (ECF #23, PageID #168-69).

### *Trusted Employees' Partial Motion to Dismiss*

Defendant Trusted Employees' partial motion to dismiss seeks dismissal of two of the three claims asserted against it based on factual assertions that the information it provided to Vita Property Management on Plaintiff's criminal case history was both "correct" and appropriate under the FCRA.

Trusted Employees "First" seeks dismissal of Plaintiff's third cause of action, alleging improper disclosure of "adverse information that predates the report [provided by Trusted Employees] by more than seven years," under 15 U.S.C. § 1681c (a)(5), on the ground that, regardless of whether Missouri may view convictions followed by a "Suspended Imposition of Sentence" ("SIS") as "not a conviction" under Missouri law, for FCRA claims, federal law controls what is considered a "conviction," and, under federal law, Plaintiff's SIS was properly reported as a "conviction," citing *Aldaco v. RentGrow, Inc.*, 921 F.3d 685 (7th Cir. 2019) (finding that pleas of guilty under an Illinois state criminal charge of battery, followed by a sentence of court supervision, is a "conviction" under federal law regardless of how Illinois state law may characterize it).  Thus, Trusted Employees asserts, its identification of the event as a "conviction" was accurate and was accordingly not subject to the time limitations of 15 U.S.C. § 1681c (a)(5). (*See* ECF #1, *Complaint, Third Cause of Action*, PageID #6, ¶¶ 41-46 & ECF #17-1, *Memorandum in Support of Partial Motion to Dismiss*, PageID #99).

Trusted Employees' motion then states, "Second," that its reporting of Plaintiff's Tennessee criminal record, related to the charges of "Unlawful Use of Drug Paraphernalia" and

-10-

"Possession or Casual Exchange" as separate independent charges with individual case numbers "mirrored the information available on the [Tennessee] Court's docket," and thus this information also was "not inaccurately reported" under the requirements of 15 U.S.C. § 1681e (b), which requires a reporting agency to "utilize reasonable procedures to ensure the maximum possible accuracy of the report."  (*See* ECF #1, *Complaint, First Cause of Action*, PageID #5, ¶¶ 30-34 & ECF #17-1, *Memorandum in Support of Partial Motion to Dismiss*, PageID #99).

Trusted Employees' partial motion to dismiss does not seek dismissal of Plaintiff's second cause of action, alleging "fail[ure] to use strict procedures to ensure the criminal records information contained in the report was complete and up to date."  (*See* ECF #1, *Complaint, Second Cause of Action*, PageID #5-6, ¶¶ 35-40).

**LEGAL STANDARDS AND ANALYSIS**

***Analysis of Vita Property Management's Motion to Dismiss***

The Court first addresses Defendant Vita Property Management's motion to dismiss and Plaintiff's contemporaneous request to transfer the case under 28 U.S.C. § 1406(a).

A district court may transfer a case when venue is improper in the original forum if doing so is in the interest of justice.  28 U.S.C. § 1406(a).  This can be done even if the district court lacks personal jurisdiction over one or more of the defendants.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).  A district court has full discretion to decide whether to dismiss or transfer venue under 28 U.S.C. § 1406(a).  *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998); *Delta Media Group, Inc. v. The Kee Group, Inc.*, No. 5:07-CV-01597, 2007 WL 3232432, at *6 (N.D. Ohio Oct. 31, 2007).

Section 1406(a) provides: "The district court of a district in which is filed a case laying

-11-

venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

If the interests of justice favor it, transfer under section 1406(a) is often deemed to be a

better resolution than dismissal where venue in the original forum is improper and there is

another district court where personal jurisdiction and proper venue exists. "Doubts about

whether to transfer or dismiss are usually resolved in favor of transfer because the interest of

justice generally is better served by transfer. Under the circumstances, the sensible result is not

to dismiss one party defendant without prejudice for lack of jurisdiction, but instead to transfer

the entire action to a district where all parties can proceed in the most efficient manner

available." *Delta Media Group*, 2007 WL 3232432, at *6 (N.D. Ohio Oct. 31, 2007) (citations

omitted).

Defendant Vita Property Management instead asks this court to simply dismiss Plaintiff's

claims against it, asserting that Plaintiff exercised bad faith in choosing the Northern District of

Ohio as an appropriate forum, and that "transfer is inappropriate when an obvious error rather

than an erroneous guess is made with respect to venue." (ECF #23, *Reply Brief*, PageID #167).

In support, it cites cases where a plaintiff filed an action in his or her "home" district without

taking into consideration the jurisdictional or appropriate venue issues with respect to one or

more defendants, cases on motion for reconsideration under FED. R. CIV. P. 60(b) after a case had

been dismissed with no prior request for transfer, and cases where the claimed disregard of

jurisdictional or venue considerations were considerably more egregious than those presented in

this case. *See Vargo v. D&M Tours, Inc.*, No. 4:18-CV-01297, 2020 U.S. Dist. LEXIS 35367

(N.D. Ohio Mar. 2, 2020) (case was before court on Rule 60(b) motion for reconsideration of

dismissal after no prior request for transfer under section 1406(a), plaintiff filed case in "home forum" where there was no consideration of personal jurisdiction over any out-of-state defendant and chosen venue had no connection to auto accident at issue in the case); *Cote v. Wadel*, 796 F.2d 981 (7th Cir. 1986) (case filed in plaintiff's "home forum" despite fact that chosen venue had no connection to facts of case or activities by out of state defendants); *Spar, Inc. v. Information Resources, Inc.*, No. 91-7907 (2nd Cir. Feb. 11, 1992) (motion to transfer case denied on ground that sole reason for request to transfer to another district was to avoid dismissal on statute of limitations grounds applicable in initial and correct forum but not applicable in requested transferee forum); *Sherman v. Biglari*, No. 1:18-CV-02887, 2020 U.S. Dist. LEXIS 198277 (N.D. Ohio Oct. 26, 2020) (case was before court on Rule 60(b) motion for reconsideration after dismissal without prior request for transfer, plaintiff filed case in "home forum" despite having "no reasonable basis to do so," and potential transferee district was not one in which plaintiff could have filed at the time of filing complaint).

Given that this case was recently filed, and it appears that Plaintiff chose to file in this district – which is *not* his home district but rather one in which it believed a primary defendant was headquartered (even if he was ultimately incorrect in his belief that "MRI" instead of Albin Acquisition Corporation was the "parent" of unquestionably properly-named Defendant Trusted Employees) – the Court does not believe this shows the "bad faith" Defendant Vita Property Management seeks to ascribe to it. The Court instead believes that the interests of justice favor transfer of this matter to the U.S. District Court for the Eastern District of Missouri, Eastern Division, a forum where no party contests either personal jurisdiction or venue, and one where

this case could have been initially filed.[2]

### *Analysis of Trusted Employees' Partial Motion to Dismiss*

While Defendant Trusted Employees' partial motion to dismiss seeks dismissal of Plaintiff's first and third causes of action, based essentially on its factual assertion that the information it included in the employment background screening report provided to Vita Property Management was accurate, it does not move for dismissal of Plaintiff's second cause of action, which raises the equally-factual issue of whether it may have "fail[ed] to use strict procedures to ensure the criminal records information contained in [its] report was complete and up to date." (*See* ECF #1, *Second Cause of Action*, PageID #5-6, ¶¶ 35-40; ECF #17).

While the arguments raised in Trusted Employees' partial motion to dismiss regarding its direct transcription of the information found on the Missouri and Tennessee state court docket records are not disputed,[3] as well as its citation of *Aldaco v. RentGrow, Inc.*, 921 F.3d 685 (7th

---

[2]

Plaintiff is a resident of St. Louis, Missouri, (*Complaint*, ECF #1, PageID #3, ¶ 21). The facts of this case are centered on Plaintiff's alleged "conditional hiring" for, and later "denial" of, employment at a residential community located in O'Fallon, Missouri owned and managed by Vita Property Management. (*Complaint*, ECF #1, PageID #2, ¶¶ 4 & 15; *see also Vita Property Management's Motion to Dismiss*, ECF #13, PageID #57). Trusted Employees appears to "solicit" or otherwise "do business" related to Missouri interests, including providing employment background screening services for Vita Property Management's Missouri residential community.

St. Louis, Missouri is located in St. Louis County. O'Fallon, Missouri is located in St. Charles County. Both St. Louis County and St. Charles County are located within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division. *See Counties by Division, Eastern District of Missouri*, http://www.moed.uscourts.gov (Visited July 26, 2023). Thus, it is an appropriate transferee Missouri forum.

[3]

As noted earlier, Plaintiff did not file a response brief to either of Trusted Employees' motions.

Cir. 2019) in support of the proposition that a guilty plea followed by court supervision, suspended sentence, or other diversionary program should be considered a "conviction" under federal law and FCRA purposes, appear factually supported – it also seems to follow that if Trusted Employees *was* willful, reckless, or negligent in "failing to use strict procedures to ensure the criminal records information contained in the report was complete and up to date," as alleged in Plaintiff's second cause of action, (*see* ECF #1, *Second Cause of Action*) (the cause of action on which Trusted Employees does not move for dismissal), then Trusted Employees' simple fidelity to unchanged transcription of the Missouri and Tennessee state court docket entries may raise an issue of fact intertwined with the factual and legal issues of the other causes of action on which it does move to dismiss.

In light of the Court's decision to transfer the case to the United States District Court for the Eastern District of Missouri, as requested by Plaintiff in response to Vita Property Management's motion to dismiss, the best course of action for this Court is for it to withhold issuing a ruling on Trusted Employees' motions at this time, thereby allowing the transferee court to address the arguments raised by Trusted Employees' motions – as well as the legal effect of Plaintiff's filing no response to them – as part of the transferee court's oversight of the transferred case as a whole.

Accordingly, this Court withholds issuing a ruling on Defendant Trusted Employees' partial motion to dismiss, (ECF #17), as well as the accompanying motion to take judicial notice of facts related to the motion, (ECF #18), so that the transferee court may consider them in light of the facts presented in the entire case.

## CONCLUSION

For the foregoing reasons, *Defendant Vita Property Management Group, LLC's Motion to Dismiss for Lack of Personal Jurisdiction* (ECF #13) is DENIED as moot, and *Plaintiff's Request to Transfer Venue Pursuant to 28 U.S.C. § 1406(a)* (ECF #22), to the U.S. District Court for the Eastern District of Missouri, Eastern Division, is GRANTED.

Accordingly, the Clerk of Court is directed to TRANSFER this matter to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1406(a).


IT IS SO ORDERED.


DONALD C. NUGENT
United States District Judge



DATED: July 27, 2023


-16-